UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARVIN BELSER,

                Plaintiff,                Case No. 1:16-cv-1249

v.                                              Honorable Paul L. Maloney

VONDA R. EVANS et al.,

                                                   **ORDER OF TRANSFER**

                Defendants.
_____/

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Carson City Correctional Facility. Plaintiff sues Wayne County Circuit Court Judges Vonda R. Evans and Sheila Ann Gibson Manning and Wayne County Assistant Prosecuting Attorney Danielle Hagaman-Clark. In his *pro se* complaint, Plaintiff alleges that Defendants Evans and Gibson Manning were biased against him in his criminal and child custody cases, and he appears to allege that Defendant Hagaman-Clark violated his rights during those proceedings.

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's action occurred in Wayne County. Wayne County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). Defendants are public officials serving in Wayne County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth*

*v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). In these circumstances, venue is proper only in the Eastern District.[1] Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

IT IS SO ORDERED.


Dated:  November 2, 2016          /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge

---

[1] Although this Court must transfer the action for improper venue, it notes that Plaintiff previously has sued Defendants Evans and Gibson Manning for the same actions, and his case was dismissed for failure to state a claim. *See Belser et al. v. Evans et al.*, No. 2:16-cv-12792 (E.D. Mich. Oct. 4, 2016).